UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

FILED

JAN 1 8 2006

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

LOUISE WALDRON for CHARLES S. )
WALDRON, Deceased, )
)
    Plaintiff, )
)
vs. )    Case No. 1:05CV00167 LMB
)
LONG JOHN SILVERS, INC., JOHN DOE )
INC. and JOHN DOE, )
)
    Defendants. )

## MEMORANDUM AND ORDER

This wrongful death action, originally filed in the Circuit Court of Butler County, Missouri, was removed by Defendant Long John Silvers, Inc. on September 30, 2005. (Document Number 1). Presently pending before the court is Defendant Long John Silvers, Inc.'s Motion to Dismiss (Doc. No. 4). Plaintiff has not filed a response to defendant's motion.

On November 29, 2005, the court issued an order directing plaintiff to file a response to defendant's motion to dismiss or show cause why such response has not been filed. (Doc. No. 8). The court advised plaintiff that failure to comply with the court's Order may result in dismissal of the action with prejudice. Plaintiff has yet to file a response to defendant's motion or to show cause why such response has not been filed.

In its Motion to Dismiss, Defendant Long John Silvers, Inc. argues that plaintiff's Petition should be dismissed because it is time-barred. Specifically, defendant claims that plaintiff's action is barred by Mo. Rev. Stats. § 537.100 (2000), which establishes a three-year statute of limitations for wrongful death actions. Defendant states that plaintiff's decedent, Charles Waldron, died on May 17, 2001, at which time plaintiff's cause of action accrued. Defendant asserts that plaintiff's

Petition, which was filed on August 26, 2005, is therefore time-barred by the statute of limitations and must be dismissed.

In passing on a motion to dismiss, a court should dismiss a claim when it "appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957). See also County of St. Charles v. Missouri Family Health Council, 107 F.3d 682, 684 (8th Cir. 1997). Thus, a motion to dismiss is likely to be granted when "'a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" Ring v. First Interstate Mortgage Inc., 984 F.2d 924, 926 (8th Cir. 1993)(quoting Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974)).

In her Petition, plaintiff alleges a wrongful death claim under Mo. Rev. Stat. § 537.080, which is subject to the statute of limitations set out in Section 537.100. Section 537.100 provides in relevant part: "[e]very action instituted under section 537.080 shall be commenced within three years after the cause of action shall accrue..." A cause of action under Section 537.080 accrues to the statutory beneficiaries when the death occurs. Dzur v. Gaertner, 657 S.W.2d 35, 36 (Mo. App. 1983). In her Petition, plaintiff states that the decedent, Charles Waldron, died on May 17, 2001. Def's Ex. A at 4. As such, plaintiff's Petition, filed on August 26, 2005, is barred by the three-year statute of limitations.

Accordingly,

- 2 -

**IT IS HEREBY ORDERED, ADJUDGED, and DECREED** that the instant cause of action be **dismissed with prejudice,** with each party to bear her own costs.

Dated this 18th day of January, 2006.

E. Richard Webber
_____
UNITED STATES DISTRICT JUDGE